Nov. Term,<br>1830.<br><hr>ELDER<br>v.<br>LASSWELL.

(1) Accord. R. C. 1831, p. 270.

---

### ELDER v. LASSWELL and Others.

A debt due by *A*. and *B*. to *C*. cannot be set off, either at law or in equity, against a debt due by *C*. to *A*. alone.

There is no difference, on the subject of set-off, between Courts of law and equity: the rule is the same in both Courts.

ERROR to the *Perry* Circuit Court.

*Saturday,*<br>*November* 20.

BLACKFORD, J.—Bill in chancery by *Elder* against *Lasswell*, *Comstock*, *Chenault*, and *Burke*. The substance of the bill is, that the complainant and one *Arnold Elder*, since deceased, executed their note to *Lasswell* for 550 bushels of corn;—that in 1826, before this note became due, they obtained from *Chenault* and *Burke*, by assignment, a sealed note, executed by *Lasswell* and one *Ephraim Comstock* for 1,020 dollars and 82 cents, due on the 1st of *March*, 1820;—that *Lasswell* refused to permit this note to be set off against the one he held for the corn, and has obtained a judgment against the complainant for 88 dollars, in a suit at law on the last-mentioned note. The bill further states that both *Lasswell* and *Comstock* are insolvent; and that their joint note could not be set off by the complainant, in the action at law against him on the note given to *Lasswell* alone. The prayer of the bill is, that the judgment at law be enjoined, and the set-off allowed. A written objection in the following words was filed to the bill, viz. "The defendant, *Lasswell*, now moves the Court here, that the above cause be dismissed for want of apparent equity; and that the said defendant be allowed his costs expended in that behalf. *Crawford*, Sol." The Circuit Court dissolved the injunction and dismissed the bill, with costs and damages.

The complainant's object is to set off his joint note on *Lasswell* and *Comstock*, against *Lasswell's* judgment on a note exe-

Nov. Term,
1830.

cuted to him alone by the complainant. It is admitted that the set-off is not admissible at law; but it is contended that it may be received in equity. This distinction, relied on by the complainant, between Courts of law and equity, on the subject of set-off, does not exist. The rule is the same in both Courts. This precise point is settled in the case of *Dale and others* v. *Cooke*, 4 Johns. C. R. 11. The bill cannot be sustained.

There is an informality in the manner in which the bill was objected to. The objection, however, was in writing and makes a part of the record. It is in substance a demurrer.

The decree of the Circuit Court against the complainant is correct, and must be affirmed.

*Per Curiam.*—The decree is affirmed. To be certified, &c. (1).

Dewey and Hall, for the plaintiff.
Crawford, for the defendants.

(1) A re-hearing was granted in this cause; but it was not submitted again to the Court. It was dismissed by agreement of the parties. The set-off was inadmissible. *M'Kinney* v. *Bellows, May* term, 1832.