## JAMES CONDON *v.* CON SHEHAN.

1. SET-OFF — CHANCERY — SAME PRINCIPLES IN COURTS OF EQUITY AS AT LAW, EXCEPT IN SPECIAL CIRCUMSTANCES. — As a general proposition courts of equity are governed by the same principles in reference to set-off as courts of law; but courts of equity will interfere and grant relief under peculiar circumstances, when some special equity intervenes.

2. SAME — SET-OFF MUST BE HELD WHEN SUIT WAS BROUGHT. — In courts of law, the doctrine is quite familiar that a demand is not available as a set-off unless it was due and owned by the defendant before the suit was instituted. The defendant pleading a set-off stands in relation to it as plaintiff asserting a demand against the plaintiff in the nature of a cross action. His right of action must have existed at the date of plaintiff's suit.

3. SAME — CASE UNDER CONSIDERATION. — Where the defendant in a judgment, after the rendition of the judgment against him, acquired a claim against the plaintiff in the judgment, and, when execution upon said judgment was levied on his property, exhibited his bill in the chancery court to enjoin the execution, and have his claim against the plaintiff in execution set off against the judgment, on the ground that complainant had instituted suit on his demand, which would ripen into judgment, but upon which he would not be able to realize any thing by execution because of the insolvency of the said debtor: *Held*, not to be a proper case for equitable interposition.

APPEAL from the chancery court of Lauderdale county. CHRISTIAN, Chancellor.

*Coleman & Roberts*, for appellant.

Equity will not enjoin judgment at law, unless recovered by fraud, accident, etc. 2 Story's Eq. Jur., §§ 896, 897, 898. See, also, Story's Eq. Plead., §§ 782, 783, 784; see Moore et al. v. Barclay et al., 23 Ala. 742, and authorities cited; Rogers v. Bradford et al., 29 ib. 474. If the answer denies the material allegations of the bill, the injunction will be dissolved. See 3 Equity Lead. Cas. 202, 207. There must

be a strong case of fraud or mistake. Hill. on Inj. 135, 218, 236, 241. The bill must set out the fraud with precision, and show no negligence on the part of complainant. Hill. on Inj. 220, § 81 ; 7 Porter (Ala.), 549 ; and on same point, see 2 Story's Eq. Jur., §§ 14, 36, note 1. Circumstances beyond the control of complainant, not sufficient, it must be shown that no care or diligence could have prevented it. 9 Ala. 120 ; 3 Equity Lead. Cas. 193, 198.

The bill must show a defense to the original debt, and a judgment through fraud will not be set aside, unless the bill shows a defense to this debt. Well-settled equity will not enjoin upon any ground that might have been pleaded at law. 3 Equity Lead. Cas. 185, 186, 187 ; 1 Smedes & Marsh. 238 ; 5 How. 106 ; Hill. on Inj. 216, 217 ; ib. 213, § 72. The right of set-off must exist at the time of suit brought. Waterman on Set-off, 26, 49, § 41 ; ib. 59, § 53 ; ib. 74, § 60 ; also, 4 How. 376 ; Waterman on Set-off, 422, 423, 424, and § 379 ; 2 Story's Eq., § 1436, and notes on pages 807, 808. The only ground of equity set up in complainant's bill, and this will not serve him, as it is not good under the authorities, is set-off. His set-off was purchased after the judgment against him in the magistrate's court, as shown by his own bill in the chancery court, and when he came into a court of equity, his standing was no better than it would have been in a court of law, unless he shows some special equity. He does not do this in his bill of complaint. See Waterman on Set-off, 422, §§ 375, 376 ; ib. 427, §§ 381, 382 ; McKinley v. Winston, 19 Ala. 301. And on this point, see Carr v. Webb et al., 22 ib. 583.

The injunction should have been dissolved upon the answer, conceding, for the present, that there was equity in the injunction : 1st. Because the answer specifically denies owing any debt to appellee, who filed the bill and sued out the injunction. Upon bill and answer alone the answer must overthrow the bill, and appellee stands without a claim. Upon this denial the bill should have been dismissed and injunction dissolved. 35 Ala. 580, 599 ; 41 Miss. 717.

No court will allow a party, after judgment against him, to go into market and purchase a claim, file a bill, sue out an injunction against the judgment, in order to let in this purchased claim as an offset. The statement of the proposition is its own refutation, and this is the whole bill stripped of its wordy paraphernalia. What matters it if Condon was insolvent? Shehan does not, in his bill, deny owing the debt upon which the judgment was recovered, but, after the judgment against him, buys the claim, and now asks the interposition of a chancery court. If he is in danger of losing his offset, why did he purchase it. See Waterman on Set-off, 26, 49, 59, 74, 77, 83 ; 4 How. 376 ; 37 Ala. 391, 573, 717. · If the bill had impeached the debt upon which the judgment was founded the bill shows no fraud on the part of Condon, but great negligence on the part of Shehan. His "supposing" so and so is no grounds for a bill or injunction. 33 Miss. 172 ; 19 Ala. 686 ; 30 ib. 270. What amounts to insolvency? The answer says there are no judgments unpaid against the respondent ; says he is able to pay all his debts. Is a man insolvent because he does not own the amount of property exempt from execution and levy, even though he owes nothing? Such seems to be one of the conclusions in the court below.

No counsel for appellee.

SIMRALL, J. :

The relief sought by the complainant rests on this ground of equity : That the defendant, Condon, in September, 1870, commenced a suit before E. L. Bramlette, Esq., justice of the peace, against him, which, in the following November, was consummated into a judgment ; that afterward, in December of the same year, Condon became the debtor of the complainant in a larger amount, by the assignment to him, by one L. Scully, of a demand, by open account, against Condon ; that suit is pending, for the complainant's use, in the circuit court, against Condon, founded on this

debt; that Condon is insolvent; that, in the event of the recovery of a judgment, which the complainant is entitled to, nothing can be realized upon it by execution; that Condon has caused the property of complainant to be seized to satisfy his judgment. The prayer is to suspend proceedings under this judgment until there shall be a trial at law of complainant's suit; and that any recovery which the complainant may make against the defendant may be set-off against the defendant's judgment. The defendant answered, and, among other things, denied that there was any thing due upon the debt assigned by Scully to complainant.

A motion to dissolve the injunction (resting upon bill and answer) was denied, and from that order an appeal was taken. The doctrine is quite familiar, that the courts of law will not entertain a demand as a set-off, unless it was due, and owned by the defendant, before the suit was instituted. Carpen, admr. v. Canavan, 4 How. 376. The defendant pleading the offset stands in relation to it, as plaintiff asserting a demand against the plaintiff in the nature of a cross action. His right of action must have existed at the date of the plaintiff's suit. The respective causes of action must have been simultaneous. The complainant did not acquire his debt against the defendant until the defendant had recovered his judgment. It is manifest then that he had no such claim or debts, as could be a set-off against the judgment, unless a different rule prevails in equity from that enforced at law.

As a general proposition both courts are governed by the same principles. Elder v. Lassell, 2 Blackf. 349 ; Van Beauren v. Van Gaasbeck, 4 Cow. 496. But before and since the passage of the statutes of offsets courts of equity, in virtue of their general jurisdiction, granted this sort of relief (in special cases), although the debts were mutual and independent. As if there were an express agreement to make the offset, equity would give it effect, or, if there be mutual credit between the parties, founded at the time upon the existence of a debt from the crediting party to the other.

Chancery interfered, independent of the statute, where the demands were intimately connected, or the one was the consideration of the other, or there was some obstacle at law, as non-residence, insolvency or the like. Tribble v. Saul, 4 Monr. 455; Green v. Darling, 5 Mason, 212. In this last case Judge Story remarked, "since the statutes of set-off of mutual debts and credits, courts of equity have generally followed the construction of the statutes by courts of law, and have applied the doctrine to equitable debts. They have rarely if ever broken in upon the decisions at law unless some other equity intervened." The mere existence of cross demands is not enough to invoke the interposition. Ranson v. Samuel, 1 Craig & Phill. 161, 178; Ruckerville Bank v. Hemphill, 7 Ga. 413.

Subjecting this case to the test of these principles, and there is no equity unless it arise out of the defendant's insolvency. That is denied though not as specifically as it ought to have been, if it was meant to be stated that defendant had property amenable to legal process. There was no mutuality of dealings between the parties. The credits and debts did not arise out of a connected transaction, one credit did not induce or form the consideration of the other. There is no supervening equity which would form the consideration for disposing of the question upon any other principle than would control a court of law, or which takes the subject out of the statute, except the alleged insolvency of the defendant. But that gives no additional or peculiar merit to the complainant. For, at the time Condon sued before the magistrate and recovered his judgment, he is alleged to be insolvent, and so continued to be after complainant purchased and took the assignment of the demand sought to be used as a set-off. The complainant became his creditor with knowledge of his pecuniary condition; he bought the claim from Scully for the purpose, it might be inferred, of setting it up in recoupment of the judgment against himself. Condon did not obtain the credit from him, because the complainant was his debtor, growing out of some mutual

dealings, and from which the presumption might arise that there should be mutual set-offs.   There was no contract or connection between the parties in reference to complainant's debt against the defendant until the complainant, without defendant's knowledge or privity, bought the account from Scully.   In such circumstances there is nothing to withdraw the case from the operation of the statute.   See Jordan v. Jordan, 12 Ga. 88, 89, 90.

We are of the opinion, therefore, that the injunction ought to be dissolved.   The order of the chancery court is reversed and judgment here dissolving the injunction.